IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MALIK ALLAH,                ) | |
|       Plaintiff,            ) | |
| ) | |
| v.                                                )  | Civil Action No. 04-1167 |
| ) | |
| LOUIS FOLINO, et al.,                ) | |
|       Defendants.        ) | |

REPORT AND RECOMMENDATION

I. Recommendation

It is respectfully recommended that the complaint in the above-captioned case be dismissed for failure to prosecute.

II. Report

The plaintiff, Michael Malik Allah, an inmate at the State Correctional Institution at Greene ("SCIG"), has filed a civil rights complaint against numerous employees of SCIG and the Pennsylvania Department of Corrections.[1] In his complaint, the plaintiff alleges that on August 19, 2003, C.O. Gagnon and Sgt. Mitchell denied him the right to practice his religious

---

1. We note that on August 5, 2004, the plaintiff moved for leave to proceed informa pauperis. In an Order dated August 26, 2004, the Court denied without prejudice the plaintiff's motion to proceed informa pauperis and dismissed this case without prejudice, subject to the plaintiff's right to reopen it by paying the filing fee within twenty days. On October 22, 2004, the plaintiff paid the filing fee, at which time this case was reopened. On December 13, 2004, the plaintiff moved to proceed informa pauperis for purposes of service. In an Order dated December 15, 2004, the Court denied the plaintiff's motion to proceed informa pauperis for purposes of service due to the Prison Litigation Reform Act's "three-strike rule". On January 5, 2005, the plaintiff appealed this Court's Order of December 15, 2004 which denied his motion to proceed informa pauperis to the Third Circuit Court of Appeals. In a certified copy of an Order dated May 27, 2005, the Third Circuit Court of Appeals affirmed the denial of the plaintiff's motion to proceed in forma pauperis.

beliefs as a Black Muslim, for they refused to allow him to wear his pajama bottoms to the showers, as it is against his religion to wear shorts in public; that on August 22, 2003, he filed a grievance on the matter, but his grievance was rejected because he signed it using his current Muslim name, instead of his former name, which he had when he was committed to SCIG; and that he filed appeals on the matter which were denied.

The plaintiff also contends that in September 2003, he sent an "Inmate Religious Accommodation Request Form for the Establishment of Muhammad's Temple of Islam and to fast in the month of December" to Rev. George Moneck; that Moneck and the Central Office Review Committee denied his request, after which he filed a grievance on October 27, 2003; that his grievance was rejected because he signed it using his current Muslim name rather than the name he had when he was institutionalized; and that his appeals on the matter were denied.

The plaintiff also alleges that the defendants have retaliated against him for filing prior law suits against them by confiscating his dark prescription eyeglasses, by issuing him improper misconduct reports, by denying his grievances without a fair review because he signed them in his Muslim name, and by assaulting him. These facts are said to state a cause of action under the provisions of 42 U.S.C. § 1983.

In an Order dated November 9, 2004, the Court apprised the plaintiff as follows:

> IT IS ORDERED that the United States Marshal is directed to mail a copy of the complaint, notice of lawsuit and request for waiver of service of summons... to each defendant as directed by plaintiff. Cost of service shall be paid by the plaintiff...
>
> IT IS FURTHER ORDERED that plaintiff provide the United States Marshal a separate 'Process Receipt and Return' form (USM-285) for each defendant (unless he sent properly completed forms to the Clerk with the complaint). If the plaintiff does not have sufficient copies

>of the form to prepare one for each defendant, he may obtain
>additional forms from the Clerk of Court. On this form he
>must give the full name and complete service address for
>each individual defendant. If plaintiff fails to give the
>Marshal correct instructions for mailing to any defendant,
>his claims against that defendant may be dismissed pursuant
>to Federal [R]ule of Civil Procedure 4(m)...

As of this date, the plaintiff has failed to comply with this Court's Order of November 9, 2004, and consequently, his complaint has not been timely served on the defendants.

It is clear that the punitive dismissal of an action for failure to comply with Court Orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party, the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are:

>(1) The extent of the party's personal responsibility.
>
>(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
>(3) A history of dilatoriness.
>
>(4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
>(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
>(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that this action should be dismissed. Factors 1, 3, and 4 are all related to the plaintiff's failure to comply with this Court's Order, that is, the extent of his personal responsibility, a history of dilatoriness, and whether his conduct was willful or in bad faith. Each of these factors weigh heavily against the plaintiff. With respect to

factor No. 1, it is clear that plaintiff's failure to comply with the Court's Order to provide completed service forms on the defendants was totally his personal responsibility. With respect to factors Nos. 3 and 4, while the plaintiff does not have a history of dilatoriness in this case, his failure to comply with this Court's above-mentioned Order appears to be willful.

In considering factor No. 2, the Court is to consider the prejudice caused to the adversary by the plaintiff's failure to comply with its Order. With respect to this factor, there appears to be no specific prejudice to the defendants other than general delay. Therefore, this factor will not be weighed against the plaintiff. Similarly, factor No. 6, the meritoriousness of the claim, will be weighed neither in favor nor against the plaintiff, although it appears that the defendants may have meritorious defenses. Further "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.,2d 152,156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed several motions for in forma pauperis status in this case, it does not appear that monetary sanctions are appropriate. However, because he has failed to comply with this Court's Order to return the required forms to effect service on the defendants, the plaintiff appears to have no serious interest in pursuing this case.

Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed, since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Within ten (10) days after being served with a copy, any party may serve and file written objections to this Report and Recommendation. Any party opposing the objections shall

have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

> Respectfully submitted,
>
> s/ROBERT C. MITCHELL
> United States Magistrate Judge

Dated: July    2005