IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL MALIK ALLAH, BF-8299, )
    Plaintiff, )
     )
    v. ) Civil Action No. 04-1167
     )
LOUIS FOLINO, et al., )
    Defendants. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion to Dismiss submitted on behalf of defendants James, Burks, Bitner, Beard, Reisinger and Andrade (Docket No.67) be granted for failure to state a claim upon which relief may be granted.

II. Report:

Presently before the Court for disposition is a Motion to Dismiss submitted on behalf of defendants James, Burks, Bitner, Beard, Reisinger and Andrade.

Michael Malik Allah has presented a civil rights complaint which he was denied leave to prosecute in forma pauperis.[1] Thereafter, after some maneuvering the plaintiff paid the filing fee,[2] and has repeatedly been admonished that he must provide the necessary copies of the relevant

---

[1] The basis for denial of forma pauperis status was the gross abuse by the plaintiff of that status (See: Docket No. 2). We also observe that the Court of Appeals has also denied him in forma pauperis status in this case (See: Docket No.26).

[2] See: Docket No. 46 .

documents, directions for service and the appropriate fee to the Marshal.[3] Although the plaintiff has named 49 individuals and the Bureau of Professional and Occupational Affairs as defendants in this action, service has only been made on the present movants who now move to dismiss.[4]

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Casters, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972).

As to the movants, the rambling prolix complaint basically demonstrates the plaintiff's dissatisfaction with the prison system and his refusal to abide by the institutional regulations rather than any violations of protected rights. Specifically, as to the movants it is alleged that defendant James as a member of the inmate grievance system was provided with complaints by the plaintiff (See: Complaint at ¶¶ 17,54,55,84); that defendant Burks who is also a member of the prison grievance systems was provided with appeals during the course of the plaintiff's

---

[3] See: Docket Nos. 29, 48,52,53.

[4] We observe that although the plaintiff provided documentation in support of service on seven individuals, service on the present six movants was inadvertently made by the United States Marshal without requiring the plaintiff to pay the filing fee, and service was not made on defendant James (Docket No.61). After considerable delay, it now appears that the plaintiff has provided the appropriate fees to the Marshal to serve the remaining defendant.

prosecution of his many grievances (See: Complaint ¶¶ 7-10,18,61,108-109,188,122,131,132,141,186,189,194,205,221,243-244,249,251,264,274,279,296); that defendant Bitner was likewise appealed to during the grievance procedure (See: Complaint ¶¶ 71,98,101,167-168,170-172,180-181,216,301-302,310-311,321); that defendant Beard who likewise is a part of the inmate grievance process was appealed to by the plaintiff (See: Complaint ¶¶ 72,73,223-227,229-231,233-234); that defendant Reisinger responded to some of his grievances on behalf of Burks (See: Complaint ¶¶ 76-78), and finally that defendant Andrade provided responses to his grievances on behalf of defendant Bitner (See: Complaint at ¶¶ 99,169). Thus, the sum and substance of the plaintiff's claims are his dissatisfaction with the manner in which the institutional grievance process works and fails to set forth any fundamental constitutional violations.

In order to set forth a viable claim, the plaintiff must demonstrate that the defendants personally participated in, or authorized a violation of constitutionally protected rights, and liability cannot be imposed on a theory of respondeat superior. <u>Rizzo v. Good</u>, 423 U.S. 362 (1972); <u>Evancho v. Fisher</u>, 423 F.3d 437 (3d Cir. 2005). In the instant case, the petitioner has failed to set forth any facts demonstrating that the moving defendants violated any federally protected rights of his, but merely his dissatisfaction with the manner in which his grievances were resolved. Accordingly, their motion to dismiss should be granted for failure to state a claim upon which relief may be granted.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may

constitute a waiver of any appellate rights.

                                                         Respectfully submitted,

Entered: January 20, 2006                s/Robert C. Mitchell,
                                                         United States Magistrate Judge