IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL MALIK ALLAH, BF-8299,   )
     Plaintiff,   )
        )
     v.   )   Civil Action No. 04-1167
        )
LOUIS FOLINO, et al.,   )
     Defendants.   )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Motion to Dismiss submitted on behalf of

defendant Falor (Docket No.131)be granted for failure to state a claim upon which relief may be

granted.

II. Report:

Presently before the Court for disposition is a Motion to Dismiss submitted on behalf of

defendant Falor.

Michael Malik Allah has presented a civil rights complaint which he was denied leave to

prosecute in forma pauperis.[1] Thereafter, after some maneuvering the plaintiff paid the filing fee,[2]

and has repeatedly been admonished that he must provide the necessary copies of the relevant

_____

[1] The basis for denial of forma pauperis status was the gross abuse by the plaintiff of that status (See: Docket No. 2). We also observe that the Court of Appeals has also denied him in forma pauperis status in this case (See: Docket No.26).

[2] See: Docket No. 46 .

documents, directions for service and the appropriate fee to the Marshal.[3] Although the plaintiff

has named 49 individuals and the Bureau of Professional and Occupational Affairs as defendants

in this action, service has only been made on a few of the defendants. On February 22, 2006, the

complaint was dismissed as to defendants James, Burks, Bitner, Beard, Resinger and Andrade

(Docket No.135).

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be

accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Casters, 948 F. 2d 1402 (3d

Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are

construed. Haines v. Kerner, 404 U.S. 519 (1972).

As to the present movant, the rambling prolix complaint basically demonstrates the

plaintiff's dissatisfaction with the medical attention he received on October 27, 2003, when in

response to the plaintiff's self-imposed hunger strike,  Dr. Falor read him the effects of starvation

and dehydration (Complaint ¶ 76) and that Dr. Falor informed the plaintiff that he does not suffer

from a light sensitivity problem requiring that he wear sunglasses (Complaint ¶ 78).  The plaintiff

also sets forth that on January 12, 2004, he was taken to a private eye doctor (Complaint ¶251).[4]

---

[3] See: Docket Nos. 29, 48,52,53.

[4] The plaintiff does not set forth whether or not the private eye doctor directed that he
wear dark glasses, nor that Dr. Falor was further involved in this matter, but only that his glasses

In order to set forth a viable claim, the plaintiff must demonstrate that Dr. Falor exhibited deliberate indifference to a serious medical need of the plaintiff's thereby exposing him to an excessive health risk Nicini v. Morra, 212 F.3d 798 (3d Cir.2000). Claims of negligence or even medical malpractice without some more culpable state of mind do not rise to this level. Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  Thus, there is no basis in the complaint upon which to impose §1983 liability on Dr. Falor and it is recommended that his motion to dismiss be granted for failure to state a claim upon which relief may be granted.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Entered:   March 21, 2006                    United States Magistrate Judge

were not returned to him.