IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MALIK ALLAH, BF-8299, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 04-1167 |
| ) | |
| LOUIS FOLINO, et al., ) | |
|     Defendants. ) | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the Partial Motion to Dismiss submitted on behalf of the DOC defendants (Docket No.139) be granted as to all claims regarding the failure of the prison authorities to recognize the plaintiff's use of his non-committed name; be denied as to the plaintiff's Eighth Amendment claims arising from injuries he allegedly sustained as a result of the defendants' refusal to permit him to wear sunglasses in the institution and that he was been subjected to institutional discipline in retaliation for his litigious conduct ; that the motion to dismiss be granted as to the Pennsylvania Bureau of Professional and Occupational Affairs; that the motion be granted as to defendants Folinbo, D'Eletto, Ansell, Davis, Mears, Day, Baw, Bruno, Esmond, Lockett, Williams, Manchas, Workmen, Vihidal, Anderson and Kirby; that his common law tort actions be dismissed as barred by the Eleventh Amendment and that the motion be granted as to the plaintiff's First Amendment claims of denial of access to the Courts.

II. Report:

Presently before the Court for disposition is a Partial Motion to Dismiss submitted on

behalf of the DOC defendants[1].

Michael Malik Allah has presented a civil rights complaint which he was denied leave to prosecute in forma pauperis.[2] Thereafter, after some maneuvering the plaintiff paid the filing fee,[3] and was repeatedly directed to provide the necessary copies of the relevant documents, directions for service and the appropriate fee to the Marshal.[4] Although the plaintiff has named 49 individuals and the Bureau of Professional and Occupational Affairs as defendants in this action, service was originally only made on a few of the defendants. Ultimately, the plaintiff corrected this defect. On February 22, 2006, the complaint was dismissed as to defendants James, Burks, Bitner, Beard, Resinger and Andrade (Docket No.135). In a recommendation filed on March 21, 2006, it was recommended that the complaint be dismissed as to Doctor Falor (Docket No.138). The remaining defendants all of whom are employed by the Pennsylvania Department of Corrections ("the DOC defendants") now move for partial dismissal of the complaint.

It is provided in 42 U.S.C. §1983 that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the

---

[1] The DOC defendants are Folino, B. Martin, J. Martin, Lockett, Gaynon, Mitchell, Normal, Williams, D'Eletto, Ansell, Henry, Tanner, Stump, Hayward, Davis, Coy, Saunders, Armstrong, Anderson, Bureau of Professional and Occupational Affairs, Hall, Leggett, Kirby, Schamp, Gifford, Mears, Moneck, Sebek, Blaker, Manchas, King, Noak, Higgins, Bowlin, Day, Workmen, Baw, Geehring Conner, Bruno, Cindy LNU, Vihidal and Esmond.

[2] The basis for denial of forma pauperis status was the gross abuse by the plaintiff of that status (See: Docket No. 2). We also observe that the Court of Appeals has also denied him in forma pauperis status in this case (See: Docket No.26).

[3] See: Docket No. 46 .

[4] See: Docket Nos. 29, 48,52,53.

> jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Casters, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972).

As to the present movants, the rambling prolix complaint basically demonstrates the plaintiff's continued dissatisfaction with institutional policies which require officials to refuse to accept documents submitted by him in his alias, Michael Malik Allah, rather than in his committed name of Michael Wilson, and disciplining him for doing so. This conflict has been a continued source of unsuccessful litigation between the plaintiff and the Department of Corrections for a number of years (Complaint at ¶¶ 4, 6, 9, 14-16, 42, 58-61, 64, 74,102, 105, 108, 111, 114, 118, 120-122, 133-135, 144-145, 150, 155, 157, 168, 182, 186-187, 189, 191-193, 195, 197, 201-203, 209, 211, 215-217, 219, 223, 227-229, 231, 233-235, 237, 239, 244, 246, 248-250, 252, 258, 260, 262, 266-267, 272-274, 276, 289, 291, 294-295, 298, 303-306, 308-309, 311).

The plaintiff also contends that he has been denied access to the courts as a result of the refusal of institutional officials to permit him to use his alias on legal documents (Complaint ¶¶ 37, 48, 101, 181, 188, 214, 222-225, 245, 247, 256-257, 271, 281-283, 284).

Since this matter has been previously unsuccessfully litigated by the plaintiff[5], further litigation of this matter is barred by the doctrine of issue preclusion and all claims arising from

---

[5] See: Civil Action No. 98-48 aff'd 85 Fed.Appx. 868 (3d Cir.2003)

this allegation are appropriately dismissed here. Gregory v. Chehi, 843 F.2d 111 (3d Cir.1988).

Allah also contends that his privilege to be free of cruel and unusual punishment has been abridged by the refusal of institutional officials to permit him to wear his sunglasses in the institution (Complaint ¶¶ 23, 25, 28-32, 36, 38-40, 53-54, 71, 259) and that he has been denied yard and shower privileges (Complaint ¶¶ 19-20, 63, 117, 226, 238, 243). Plaintiff alleges that as a result of being denied the use of his sunglasses he has suffered headaches and visual problems. While the movants argue otherwise, at least at this juncture it is conceivable that he might be setting forth a viable Eighth Amendment claim and thus their motion to dismiss this portion of the complaint should be denied.

Named as one of the defendants in this action is the Pennsylvania Bureau of Professional and Occupational Affairs. As a department of the Commonwealth, it is not amendable to suit since it is not a "person". Will v. Michigan, 491 U.S. 58 (1989).

In order to set forth a viable claim under § 1983, the plaintiff must allege actual acts of commission by the named actors which violated protected rights. C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198 (3d Cir.2000). Here, no such claims are set forth against defendants Folino, D'Eletto, Ansell, Davis, Mears, Day, Baw, Bruno, Esmod, Lockett, Williams, Manchas, Workmen, Vihidal, Anderson and Kirby and they should be dismissed as defendants.

Allah also contends that his inmate grievances have been improperly processed (Complaint ¶¶ 4, 14-16, 19, 42-44, 47, 49, 51, 55-59, 61, 64-65, 70-74, 84-88, 91, 93-98, 100, 102, 105-108, 116-120, 125, 128-132, 135-138, 141-145, 149-151, 155-157, 161-162, 164, 166-170, 173-176, 181-184, 186-190, 192-195, 198-200, 204-206, 208-2211, 215, 227, 229, 231-233, 239, 241, 243-248, 250-254, 256, 258, 260-264, 266-267, 269, 271-274, 275-276, 278-280, 287,

289-291, 296, 298-310, 311). Included in these contentions are his allegations that these denials resulted from his previous litigation and as a result of a conspiracy against him (Complaint pp.2-3).

While these allegations are made in conclusory fashion, at this juncture it is possible that the plaintiff might be able to demonstrate that his grievances were unsuccessfully pursued in retaliation against him for his litigious conduct. As such, these claims should not be dismissed.

Furthermore, to the extent that the plaintiff is seeking to set forth common-law tort claims, such claims are barred against the state actors under the Eleventh Amendment, unless a waiver of that liability has occurred Regents v. Doe, 519 U.S. 425 (1997). Here, no such waiver has been made and the state tort actions should be dismissed.

Finally, the plaintiff also claims that violations of his First Amendment right of meaningful access to the courts has been abridged are likewise without merit. In Bounds v. Smith, 430 U.S. 817 (1977), such access was protected. However, in order to set forth a meritorious claim, a plaintiff must also demonstrate that as a result of such denials he sustained actual injury. Lewis v. Casey, 518 U.S. 343 (1996). No such showing is made here, and as a result any such claims are subject to dismissal. Additionally, we take notice of the fact with the number of documents with which the plaintiff has deluged the Court, he cannot seriously argue this issue.

Accordingly, it is recommended that the Partial Motion to Dismiss submitted on behalf of the DOC defendants (Docket No.139) be granted as to all claims regarding the failure of the prison authorities to recognize the plaintiff's use of his non-committed name; be denied as to the plaintiff's Eighth Amendment claims arising from injuries he allegedly sustained as a result of

the defendants' refusal to permit him to wear sunglasses in the institution and that he was been subjected to institutional discipline in retaliation for his litigious conduct ; that the motion to dismiss be granted as to the Pennsylvania Bureau of Professional and Occupational Affairs; that the motion be granted as to defendants Folinbo, D'Eletto, Ansell, Davis, Mears, Day, Baw, Bruno, Esmond, Lockett, Williams, Manchas, Workmen, Vihidal, Anderson and Kirby; that his common law tort actions be dismissed as barred by the Eleventh Amendment and that the motion be granted as to the plaintiff's First Amendment claims of denial of access to the Courts.

      Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
United States Magistrate Judge

Entered: May 15, 2006